**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

KENNY DAVIS,                                    :
                                                :
                  Petitioner                    :
                                                :          7:06-cv-3 (HL)
        vs.                                     :
                                                :
DWIGHT HAMERICK, Warden,                        :
                                                :          **PROCEEDINGS UNDER 28 U.S.C. §2254**
                                                :          **BEFORE THE U.S. MAGISTRATE JUDGE**
                  Respondent                    :
_____

**ORDER**

The above named petitioner filed the instant habeas corpus petition.  Petitioner paid the filing

fee as ordered by the Court.  **IT IS HEREBY ORDERED** that within thirty (30) days of the date

of this order, petitioner shall amend his petition to include every un-alleged possible constitutional

error or deprivation entitling him to federal habeas corpus relief, failing which, petitioner will be

presumed to have deliberately waived his right to complain of any constitutional errors or

deprivations other than those set forth in his habeas petition.

   If amended, petitioner will be presumed to have deliberately waived his right to complain

of any constitutional errors or deprivations other than those set forth in his amended habeas petition.

Rule 9(b) of the Rules Governing Section 2254 Cases.

   **IT IS FURTHER ORDERED** that respondent file an answer to the allegations of the

petition and any amendments within sixty (60) days after service of this order and in compliance

with Rule 5 of the Rules Governing Section 2254 Cases.

1

Either with the filing of the answer or within fifteen (15) days after the answer is filed, respondent shall move for the petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until petitioner demonstrates to this Court that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and others matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and any future amendments thereto and a copy of this order shall be served by the Clerk by certified mail on the respondent and on the Attorney General of the State of Georgia.  The Clerk of the Court is further directed to serve a copy of this order upon the petitioner. The petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 1st day February, 2006.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


mh