IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| KENNY DAVIS, | : | |
| | : | |
| Petitioner, | : | |
| vs. | : | 7:06-CV-3(HL) |
| | : | |
| DWIGHT HAMRICK, Warden | : | |
| | : | |
| Respondent. | : | |
| | : | |

ORDER

Petitioner herein has petitioned this court to appoint legal counsel to represent him in the above-styled proceeding brought pursuant to 28 U.S.C. § 2254 (Habeas Corpus).  Generally speaking, no right to counsel exists in § 1983 actions.  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the petitioner's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set forth in Holt, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the petitioner without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the petitioner.  Thus far, the petitioner has clearly set forth his claims.  The court on its own motion will consider assisting

petitioner in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, petitioner's motion for appointment of counsel is **DENIED** at this time.

**SO ORDERED**, this 8th day of May 2006.



*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE