IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

KENNY DAVIS, :
:
    Petitioner, :
:
vs. : Civil Action File No.
: **7:06-CV-3 (HL)**
DWIGHT HAMRICK, Warden, :
:
    Respondent. :

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action are respondent's motion to dismiss the petition (doc. 9) and petitioner's motion to dismiss without prejudice (doc. 17).

Petitioner entered a guilty plea with counsel in the Cook County Superior Court to statutory rape on June 2, 1999. Petitioner was sentenced to 20 years on probation. Petitioner did not file a direct appeal of his conviction. On April 22, 2002, petitioner's probation officer filed a petition for modification and revocation of probation. The trial court conducted a hearing and revoked the balance of petitioner's probation on June 27, 2002. Petitioner did not file a discretionary appeal of his probation revocation.

On October 18, 2004, petitioner filed a state habeas corpus proceeding challenging his probation revocation. After an evidentiary hearing on February 15, 2005, the state habeas corpus court denied relief in an order dated February 22, 2005. Petitioner filed an application for a certificate of probable cause to appeal in the Georgia Supreme Court, which was docketed on March 23, 2005, and remains pending.

On or about November 11, 2005, petitioner filed the instant federal petition pursuant to 28

U.S.C. § 2254 challenging his probation revocation proceeding.

## 1. *Respondent's Motion to Dismiss (Doc. 9)*

Respondent moves to dismiss the instant petition for untimeliness and lack of exhaustion.

Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this subsection.

Georgia state law provides an avenue of discretionary appeal from a probation revocation pursuant to O.C.G.A.§ 5-6-35(a)(5). That section provides that a probationer must file a notice of appeal within 30 days from the date a probation revocation order is entered. Here, the order was entered on June 27, 2002; therefore, the order became "final" for AEDPA purposes on or about July 29, 2002, the date upon which the time for filing a discretionary appeal expired. Petitioner did not file his state habeas corpus petition until October 18, 2004, which is over a year after the time period for tolling had already expired.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law on April 24, 1996. Section 2254 of the AEDPA provides as follows:

2

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(I) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> 4) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Petitioner admits that his application for a certificate of probable cause to appeal the denial of his state habeas petition is still pending before the Georgia Supreme Court; consequently, it is clear that petitioner has not exhausted available state remedies.

A state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. See, e.g., Nelson v. George, 399 U.S. 224, 229, 90 S.Ct. 1963, 1966, 26 L.Ed.2d 578 (1970); Irvin v. Dowd, 359 U.S. 394, 404, 79 S.Ct. 825, 831, 3 L.Ed.2d 900 (1959); Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944). The exhaustion-of-state- remedies doctrine, codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, 'an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.' Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971).

The Supreme Court has consistently adhered to this federal policy, for 'it would be unseemly

in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950) (overruled in other respects, Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 847 (1963)).

Petitioner states that the requirements for timeliness and exhaustion should be equitably tolled because he has not had benefit of any counsel since his original guilty plea in June of 1999, and therefore was ignorant of the requirements for filing.

In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," Steed, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001); *see also* Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew, 297 F.3d at 1286. To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. Id. at 1287-89.    Because of the difficult burden, this Court has rejected most claims for equitable

tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

Petitioner has not shown that he is entitled to equitable tolling because he has not shown either the extraordinary circumstances nor the due diligence required for such. In light of the fact that this petition is both untimely and unexhausted, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss be **GRANTED**, and that this petition be **DISMISSED with prejudice** for petitioner's failure to timely file or to exhaust state remedies.

*2. Petitioner's Motion to Dismiss (Doc. 17)*

In this motion, petitioner asks that this petition be dismissed without prejudice so that he can exhaust state remedies. However, exhaustion will not cure the issue regarding the timeliness of the petition. The current petition is already untimely filed; dismissing it without prejudice would not change that, and any subsequent petition filed in federal court would necessarily be untimely. Consequently, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 5th  day of January, 2007.


                                        //S Richard L. Hodge
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE

msd